IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY THOMAS SPADA, | ) | |
|     Petitioner, | ) | Civil Action No. 14-107 Erie |
| | ) | |
| v. | ) | District Judge J. Frederick Motz |
| | ) | Magistrate Judge Susan Paradise Baxter |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
|     Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner, Zachary Thomas Spada, is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges judgments of sentence that the Court of Common Pleas of Erie County imposed upon him on October 13, 2011. Respondents have filed a motion in which they contend that this case should be dismissed because Petitioner is exhausting his remedies in state court. [ECF No. 4]. Petitioner acknowledges that he still is exhausting his remedies in state court but requests that the Court stay the petition instead of dismissing it. [ECF No. 9]. For the reasons set forth below, it is recommended that Respondents' motion to dismiss [ECF No. 4] be granted, that this case be dismissed without prejudice, and that a certificate of appealability be denied. It is further recommended that Petitioner's motion to stay [ECF No. 9] be denied.

**II.    REPORT**

On October 13, 2011, the Court of Common Pleas of Erie County imposed an aggregate sentence of 22-86 months of incarceration following Petitioner's guilty pleas to terrorist threats, loitering and

prowling at night time, and two counts of harassment.[1] Commonwealth v. Spada, Nos. 1321, 1322, 1323 WDA 2012, slip op. at 1 (Pa.Super.Ct. Apr. 5, 2013) (available online at www.pacourts.us). The Superior Court of Pennsylvania recounted the relevant background as follows:

> The factual basis for [Petitioner's] plea at docket number 3079 of 2010 to harassment is his attempt to grab the "vaginal area" of a 16-year-old girl on September 23, 2010. N.T. 8/24/2011, at 9-10. At docket number 3150 of 2010, [Petitioner] pled guilty to loitering and prowling at night and terroristic threats for, respectively, prowling around the house of victim Tonya Meeder and pulling a knife on her, saying "[g]et away from me, bitch, or I'm going to shank you," on October 18, 2010. Id. at 10-11. Finally, Appellant pled guilty at docket number 1385 of 2011 to harassment for making repeated threats to Renee Frawley and her daughter on March 25, 2011. Id. at 11. The trial court accepted the pleas, ordered a presentence investigation report, and scheduled sentencing for October 13, 2011.
>
> [Petitioner] failed to appear at the scheduled sentencing hearing. The sentencing court, after hearing from counsel for [Petitioner] and for the Commonwealth, sentenced [Petitioner] *in absentia* as follows: 3 to 12 months for harassment at 1385 of 2011; 3 to 12 months, consecutively, for harassment at 3079 of 2010; 6 to 12 months for loitering and prowling at night, consecutive to the second harassment sentence; and 10 to 48 months for terroristic threats, consecutive to the loitering/prowling sentence.

Id. at 1-2.

On direct appeal, Petitioner challenged the discretionary aspects of his sentence. Id. at 3. On April 5, 2013, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgment of sentence. Id. at 1-6. On October 9, 2013, the Supreme Court of Pennsylvania issued an order in which it denied a petition for allowance of appeal. See Order in Commonwealth v. Spada, 221, 222, 223 WAL 2013 (Pa. Oct. 9, 2013).

On or around December 20, 2013, Petitioner filed a collateral motion for relief from his judgments of sentence pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* The PCRA court appointed counsel to represent him. It subsequently denied relief and on

---

[1] The relevant state court docket sheets are available online at http://ujsportal.pacourts.us and the Court takes judicial notice of them.

2

or around April 14, 2014, Petitioner appealed that decision to the Superior Court. That consolidated appeal is currently pending before the Superior Court at 592, 593, 394 WDA 2014.

When a state prisoner seeking federal habeas relief is at the same time exhausting his remedies in state court, the general rule is that the federal court should dismiss the case before it without prejudice. See, e.g., Rose v. Lundy, 455 U.S. 509 (1982). Because Petitioner currently is exhausting his remedies in state court, this Court should dismiss this case without prejudice.

The issue of staying and abeying federal habeas cases is a fairly recent development necessitated by the interaction of the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(2) and the pre-AEDPA rule set forth in Rose v. Lundy that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275 (2005) ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."); see also Heleva v. Brooks, 581 F.3d 187, 189-90 (3d Cir. 2009). In Rhines v. Weber, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted. 544 U.S. at 276-78; see also Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Ellison v. Rogers, 484 F.3d 658, 662-63 (3d Cir. 2007); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Petitioner has not shown how Rhines v. Weber is applicable to his case. He does not contend that there may be an issue meeting AEDPA's limitation period. Indeed, there is every reason to believe that since he filed his *pro se* PCRA motion in the Court of Common Pleas on or around December 20, 2013,

3

AEDPA's limitation period became statutorily tolled on that date. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Therefore, although the Court has the discretion to issue a stay and abeyance in the appropriate habeas case, Petitioner has failed to demonstrate why his case is one of those in which the Court should exercise that discretion.

AEDPA also codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether this case should be dismissed without prejudice. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 4] be granted, that this case be dismissed without prejudice, and that a certificate of appealability be denied. It is further recommended that Petitioner's motion to stay [ECF No. 9] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: June 26, 2014     /s/ Susan Paradise Baxter
                         SUSAN PARADISE BAXTER
                         United States Magistrate Judge

cc:    The Honorable J. Frederick Motz